DAVID v. RYAN ET AL.

1. **Lease:** CONSTRUCTION OF. Where, by the terms of a contract between the owner of realty and another, the latter was to have possession and covenanted to keep the premises "in a good state of repair," it was *held*, that he was bound to restore the buildings if they were destroyed by fire.

2. ———: ———: CITY ORDINANCE. The fact the construction of buildings of the kind which were upon the land at the time the contract was entered into was prohibited by a city ordinance subsequently passed, did not release the lessee from his obligations under the contract.

3. ———: ———: FORFEITURE. The lease being forfeited, by its terms, whenever there was a failure by the lessee to keep the premises in repair, the lessor's right of action accrued immediately upon the destruction of the buildings and the refusal of the lessee to rebuild.

*Appeal from Des Moines Circuit Court.*

THURSDAY, MARCH 21.

THE petition alleges that plaintiff and defendant entered into a written contract, by the terms of which plaintiff undertook and agreed to pay defendant an annuity, and leased to defendant during her natural life certain improved real estate in the city of Burlington, the defendant agreeing to keep the leased premises in a good state of repair; that defendant took and retained possession of the premises until 1873, when, without fault on the part of the plaintiff, the improvements on said real estate were destroyed by fire; that the defendant fails and neglects to rebuild said improvements, although notified so to do, whereby plaintiff has been damaged in the sum of eight hundred dollars; that proceedings have been instituted before defendant, Overton, who is a justice of the peace, for the recovery of the annuity due under said contract for 1875, and such proceedings have been had that judgment has been rendered against plaintiff by said justice for said amount, and defendant, Ryan, is proceeding to collect the same; that defendant, Ryan, is insolvent. The plaintiff prays that he have judgment for the amount of his damages, and that an injunc-

tion issue restraining the defendant from collecting the annuity due under said contract, until the amount so due equals the amount of the judgment prayed for.

The answer of the defendant, Ryan, admits the contract as set out in the petition, the destruction of the improvements, her insolvency and the commencement of a suit, and the rendition of a judgment for the annuity, as alleged. The answer alleges that at the date of the destruction of said improvements there was an ordinance of the council of the city of Burlington prohibiting the erection of frame buildings within certain limits, and that said real estate was within said limits, and the building destroyed was an old frame of little value. The plaintiff introduced the contract referred to in the petition and rested. The defendant introduced the ordinances of the city of Burlington, prohibiting the erection of frame buildings within certain limits, and rested. It was then agreed by the counsel of the respective parties that the question as to the defendant's liability should be submitted to the court, and, if the court held that defendant was liable, testimony should be introduced to establish the value of the improvements destroyed.

The court found that the defendant is not liable, and entered a decree dismissing plaintiff's petition. The plaintiff appeals.

*Powers & Antrobus*, for appellant.

*T. J. Trulock* and *Hall & Baldwin*, for appellees.

DAY, J.—The contract entered into between the parties is as follows: "This article of agreement, made and entered into this 20th day of February, A. D. one thousand eight hundred and fifty-four, by and between John S. David and Charlotte Ryan, both of the County of Des Moines and State of Iowa, witnesseth: That the said John S. David hereby leases to the said Charlotte Ryan, for and during her natural lifetime, the following described real estate, situate in the city of Burlington, in said county, together with the appurtenances thereunto belonging, to-wit: The south-east corner of lot 361, being 20 feet by 117; and also that the said John S. David hereby

binds himself, his heirs and assigns to pay to the said Charlotte Ryan, yearly, during her natural lifetime, the sum of thirty-five dollars at the close of each year; and the said Charlotte Ryan agrees on her part, in consideration of the above lease and payment, that she will relinquish all claim of right of possession to the other portions of the property of said John S. David, wherever the same may be situated; that she will keep the above leased premises in a good state of repair, and will pay, as the same shall become due, all taxes that may be lawfully assessed against the said premises, and that a failure so to do shall work a forfeiture of this lease; and, furthermore, it is agreed that in case the said Charlotte Ryan shall, at any time during the existence of this lease, contract and enter into a state of matrimony, then, in that case, she is to forfeit all right of possession to said premises, as also to the aforementioned yearly sum of thirty-five dollars."

I.   It is claimed by appellee that this contract is in fact a deed of conveyance, granting to the defendant, Ryan, a life estate in the premises described, and that, as such tenant for life under a covenant to repair, she is not bound to rebuild premises destroyed by fire.   It seems to us that it is not material whether the contract be regarded as creating an estate of freehold, and plaintiff be considered as a reversioner, or the relation of landlord and tenant be regarded as existing between the parties.   If the defendant is liable the liability arises out of her agreement to repair, and this agreement must have the same construction, whatever may be the relation of the parties.   It is claimed that the word "repair" simply means to restore to a good state after decay, injury, dilapidation or partial destruction, and that it does not require restoration of property wholly destroyed.   The word has not been so construed in adjudicated cases.   In *Phillips v. Stevens*, 16 Mass., 238, it was held that where a lessee agrees to keep the demised premises in repair and at the determination of the lease to surrender them in as good condition as they were at the date of the lease, if the buildings be destroyed by fire during the term, without the default of the tenant, he will be bound to rebuild them.   In *Beach v. Crain*, 2 N. Y., 86, there

1. LEASE: construction of.

was the following covenant as to a gate: " And all the repairs necessary to be made to said gate to be made by said Beach, and in passing and repassing said gate said Beaches are to use common care to have said gate shut after them." The gate was removed by some unknown person. It was held the covenant of the Beaches bound them to replace the gate. The covenant in this case is fully as comprehensive as that con-tained in the case last above quoted. We think the defend-ant's agreement makes it obligatory upon her to restore the burned premises.

II. The ordinance of the City of Burlington respecting fire limits is as follows: "All that part of the City of Bur-

2. ——: ——: lington lying west of Front street, north of Divis-
city ordin-
ance. ion street, east of Seventh street and south of Court street, shall constitute the fire limits of the city of Burlington. And that it shall be unlawful for any person or persons or cor-poration, to elevate, erect, or build any wooden buildings * * within said limits." This ordinance was passed in 1871. It is claimed that it released defendant from the obligation to re-build, inasmuch as it renders it unlawful for defendant to erect the same kind of a structure as that destroyed. That the city might pass such an ordinance must have been known to the parties at the time this contract was entered into. If the par-ties intended that the passage of such an ordinance should ex-onerate the defendant from the obligation of her covenant, they should have so stipulated. The ordinance does not render the performance of the covenant impossible. It simply makes it more burdensome and expensive. The fact that the perform-ance of a contract is rendered more burdensome and expensive, by a law enacted after it is entered into, has never been held to exonerate a party from its performance. *Baker v. Johnson*, 42 N. Y., 126.

III. It is claimed that the contract provides that the only penalty for a neglect to repair the premises shall be a forfeit-ure of the lease. The contract does provide that a failure to keep the premises in repair and to pay the taxes shall work a forfeiture of the lease. But we do not understand it to pro-vide that no other penalty shall exist. It would be no advant-

age to the plaintiff, nor detriment to the defendant, to forfeit the lease after the leased premises are destroyed.

IV. It is claimed that the landlord has not suffered, and cannot suffer damages until the end of the lease, which is for the lifetime of the defendant. The contract of the parties provides that a failure to keep the leased premises in repair shall work a forfeiture of the lease. When the premises were destroyed, and the defendant refused to repair, the lease, according to its terms, became forfeited, and then the right of plaintiff to recover damages accrued.

3. ___: ___: forfeiture.

V. It is claimed that an injunction cannot be granted because defendant had a remedy at law, by appeal from the judgment rendered against him by the justice. Such an appeal, however, would have been unavailing. The plaintiff had no defense at law to the action instituted before the justice to recover the annuity. The only defense that could have been interposed would have been of an equitable character, the liability of Ryan for damages for a breach of her covenant in the lease, and her insolvency. But this defense could not have been interposed, for the justice has no equitable jurisdiction. Code, § 3508. It is true the defendant in the action might, by way of counter claim or set off, have asked damages on account of the failure to repair. But a neglect to interpose a set off will not deprive the plaintiff of equitable relief. The court should have estimated plaintiff's damages, and restrained the collection of the annuity until it equaled the damages assessed.

REVERSED.