### HARRIS v. HEACKMAN.

1. **Practice in Supreme Court**: FINDING OF TRIAL COURT CONSIDERED AS VERDICT OF JURY.  The finding of facts by the trial court in a law action is regarded by this court as the verdict of a jury, and will not be set aside where the evidence is conflicting.

2. **Lease**: ACCEPTANCE OF RENT FROM ASSIGNEE OF: LESSEE NOT DISCHARGED.  Where there is an express covenant to pay rent for a term of years, the mere acceptance of rent by the lessor from the assignee of the lessee does not discharge the lessee.

3. ———: DESTRUCTION BY FIRE: LESSEE NOT DISCHARGED.  Where the lessee of ground owned a wooden building thereon, which was destroyed by fire during the term, and at the date of the lease the city had passed a fire limit ordinance, by which the lessee was prohibited from erecting another wooden building on the ground, *held* that he was not thereby discharged from his liability to pay rent to the end of the term.

*Appeal from the Superior Court of Council Bluffs.*

TUESDAY, DECEMBER 11.

THE plaintiff claims that in May, 1877, he entered into a written contract with defendant, by which he leased to defendant part of a lot in Council Bluffs, for the period of five years, and that defendant by said contract agreed to pay as

rent twelve dollars per month, monthly in advance, and that there is due to plaintiff the sum of two hundred and forty dollars on said lease.

The defendant admited that he did "enter upon the said ground under a contract with plaintiff for the monthly ground rent of twelve dollars per month in advance, and that he was to occupy the same for five years," and averred that at that time defendant owned a wooden building situated on said lot; that he afterward sold said building, and assigned the lease to other parties, who took possession of the lot, and that, after that, the said other persons paid the ground rent to the plaintiff; that plaintiff had full knowledge of· the sale of the building and transfer of the lease to the other parties, and accepted the rent from them, and that he thereby released and discharged the defendant from the payment of the rent. He denied that said lease was in writing. He further alleged that said lot was within the fire limits of the city, and said building was of wood, prohibited by ordinance, and was destroyed by fire, and that no new wooden structure could lawfully be erected upon said lot.

There was a trial by the court, and a judgment for the plaintiff. Defendant appeals.

*G. A. Holmes*, for appellant.

*Flickinger Bros.*, for appellee

ROTHROCK, J.—I. The plaintiff claimed that the original written lease was lost, and he introduced secondary evidence

**1. PRACTICE in supreme court: finding of court considered as verdict of jury.** of its contents. It is claimed by appellant that the evidence thus introduced was insufficient to show that there was a written lease. We think otherwise. This is a law action, and the finding of the court is to be regarded the same as the verdict of a jury, which is not to be interfered with where the evidence is conflicting. There was abundant evidence on this point to sustain the finding.

II. The lease was for the term of five years, and the defendent expressly agreed to pay the plaintiff the sum of twelve dollars per month in advance. It is claimed by appellant that there was only an implied covenant to pay the rent, and that acceptance of rent by the plaintiff from the assignees of defendant discharged the defendant from further liability. But the lease is more than an implied covenant.. It is an express agreement to pay the plaintiff the rent for the term, and, where there is an express covenant to pay the rent, the mere acceptance of rent from an assignee of the lease does not discharge the lessee. *Fanning v. Stimson*, 13 Iowa, 42; *Barhydt v. Burgess*, 46 Id., 476. Besides, the plaintiff testified that, when he found the other parties in the building, he "gave them a receipt for rent on the Heackman lease," and that he looked to Heackman for the rent under the lease.

*2. LEASE: acceptance of rent from assignee : lessee not discharged.*

III. The building on the lot was destroyed by fire. At the time the lease was executed, and at the time of the fire, there was a fire limit ordinance in force, by which the erection of a wooden building on the lot was prohibited. The rent which is claimed in this action accrued after the building was burned. It is claimed that the destruction of the building, taken in connection with the terms.of the lease, terminated the lease, and that defendant is not liable. But the defendant made his contract when the fire limit ordinance was in force, and, even if it was not then in force, the burning of the building would not discharge him from his contract. *David v. Ryan*, 47 Iowa, 642.

*3. ———: destruction by fire : lessee not discharged.*

AFFIRMED.