# Cook & Co. *v.* Anderson.

*Action on Notes given for Rent of Store-House.*

1. *Destruction of leased premises by fire or other accident.*—A partial destruction of the leased premises during the term, by fire or other unavoidable accident, does not relieve the lessee from an express promise or covenant to pay rent, unless there is a stipulation to that effect, or unless the lessor covenants to rebuild or repair; but the rule is otherwise when the destruction is entire and complete, which operates a dissolution of the tenancy.

2. *Entry of lessor, for purpose of making repairs.*—The entry of the lessor during the term, with the knowledge and consent of the lessee, for the purpose of making repairs on a portion of the leased premises damaged by fire, is not an eviction, does not operate a rescission of the contract, nor discharge or suspend the rent.

3. *Set-off or recoupment of damages, on account of lessor's fault causing fire.*—In an action on a note given for the rent of a building to be used as a store, which was damaged by fire during the term, the defendant can not set off or recoup the damages sustained by him from the fire, because it originated in the plaintiff's adjoining store, where plaintiff kept for sale quantities of oils, paints, and other inflammable materials, no negligence in respect to them being averred or proved.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by P. J. Anderson against Geo. W. Cook & Co., and was founded on the defendants' three promissory notes, for $83.33 each, dated August 11th, 1886, and payable respectively on 1st March, April, and May, 1887, to Moses Brothers as agents for plaintiff. The defendants filed three pleas, the first of which was failure of consideration, and the others in substance as follows: (2.) That plaintiff was indebted to them in the sum af $400, as an unliquidated demand, for the rent of a store-house in the city of Montgomery, which defendants were compelled to rent, and did rent, from 1st December, 1886, up to and including 1st March, 1887, "and into which they were compelled to remove their stock of goods, owing to the damaged and unsafe condition of the building which defendants had rented from plaintiff, which damaged and unsafe condition was caused by a fire, which originated in an adjoining store occupied by plaintiff himself, and was occasioned by plaintiff's negligence and want of ordinary care, and without any blame or fault on the part of said defendants;" and they offered to

set off this demand against plaintiff's cause of action. (3.) "That plaintiff kept inflammable materials, such as oils, paints, varnish, lime, cotton, &c., in a building occupied by him as a store, and in the damp basement thereof, during the month of November, 1886, without the knowledge of the defendants; that on the night of November 29th, 1886, by the plaintiff's negligence and want of ordinary care, a fire occurred in the basement of the building so occupied by him, which was communicated to the building rented and occupied by these defendants, and greatly damaged said building, and destroyed defendant's property therein; that defendants sustained, by reason of said fire, a loss of $3,000; that said fire would not have occurred but for the fact that plaintiff kept lime and other inflammable materials in said damp cellar or basement; that plaintiff was negligent and careless, and did not use due watchfulness over his property, and was disregardful of the rights of these defendants, in thus keeping inflammable materials in said damp cellar and store; that defendants were damaged as aforesaid by reason of plaintiff's said fault and negligence, and they hereby offer to set off and recoup said damages." The court sustained a demurrer to the second plea, and the cause was tried on issue joined on the others.

On the trial, as the bill of exceptions states, the facts were all admitted, and the evidence is all set out therein. It was proved that the notes were given for the monthly rent, during the months named, of a building in the city of Montgomery which defendants had rented from plaintiff, through Moses Brothers as his agents, for the term of one year, commencing October 1st, 1886, "for occupation as a grocery store and not otherwise;" and the plaintiff covenanted, by the terms of the lease, "to keep the party of the second part in quiet possession of said premises during said term, provided said party of the second part shall comply with all the stipulations of the lease." "The plaintiff owned two adjoining stores in the 'Wholesale Block' on Commerce street in the city of Montgomery, and himself occupied the store adjacent to the one rented to defendants, as a builders' material supply store. Both of said stores were three stories high, with a basement, and were under the same continuous roof. Plaintiff had in stock, in the store and cellar occupied by him, paints, oils, varnishes, lime, and some cotton, without the knowledge of defendants. On the night of November 29th, 1886, the part of the building occupied by plaintiff

[Cook & Co. v. Anderson.]

took fire, and was destroyed, without any fault or blame on defendants' part; and the fire communicated, notwithstanding a fire-wall, to the store occupied by defendants, which was greatly damaged by fire and water. The origin of said fire is unknown, but it originated in the basement of the store occupied by plaintiff, where said inflammable materials were kept; and that part of the building, with the stock therein, was completely destroyed, and was not insured. The roof of the store rented and occupied by defendants was completely destroyed, and the top flooring thereof, with the doors, was greatly damaged. In consequence of said fire, defendants removed substantially their entire stock of goods, at great expense to themselves, and were compelled to rent another store for several months; but some few of their non-perishable goods remained in the rented store. Shortly after said fire, with the knowledge of defendants, plaintiff employed workmen, and had said store repaired, about three months after said fire occurred. A small portion of the defendants' goods remained in said store after the fire, and the balance was removed there as soon as the store was repaired. Plaintiff had nothing to do with the store, except to repair the same, as above stated, with the knowledge and consent of the defendants. Defendants were damaged by said fire at least $3,000, and paid $400 rent for the building into which they were thus compelled to remove their goods. Plaintiff was not personally instrumental in causing said fire, and had no agency in causing it, except by reason of keeping said inflammable materials in the basement of his store, as above stated."

On this evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to this charge, and they here assign it as error, together with the judgment sustaining the demurrer to the second plea.

RICE & WILEY, for appellants.—(1.) The second plea was good, and the court erred in sustaining the demurrer to it.—*M. & M. Railway Co. v. Clanton*, 59 Ala. 392; *Barnard v. Poor*, 21 Pick. 380; *Bailey v. N. H. Railroad Co.*, 107 Mass. 496; *Martin v. Hill*, 42 Ala. 278; *Cage v. Phillips*, 38 Ala. 382; *Holley v. Younge*, 27 Ala. 203; *Batterman v. Pierce*, 3 Hill, 171. (2.) By the terms of the lease, the defendants could only use the store "as a grocery store, and not otherwise," and the plaintiff covenanted to keep them in

[Cook & Co. v. Anderson.]

quiet possession during the term; yet, after the fire, he entered for the purpose of making repairs, and was in possession for three months or more. This operated as a suspension of the rent, if not a rescission of the contract of renting.—*Magaw v. Lambert*, 3 Barr, 444; *Crommelin v. Theiss*, 31 Ala. 412; *Chamberlain v. Godfrey*, 50 Ala. 530; *Willard v. Tillman*, 19 Wend. 358. (3.) The plaintiff covenanted to keep the defendants in the quiet and peaceable possession of the premises during the term; yet their possession and enjoyment of the premises was disturbed, their business broken up, and they were compelled to rent another house for several months; and this was caused, not by any fault of theirs, but by a fire occurring on the plaintiff's adjoining premises, and which might well be attributed to his culpable negligence.—*Martin v. Hill*, 42 Ala. 278; *Lounsberry v. Snyder*, 31 N. Y. 514; *Edgerton v. Page*, 20 N. Y. 281; Taylor's Land. & Tenant, § 381. (4.) The affirmative charge of the court took away from the jury the right to consider the evidence which tended to establish these several defenses, and was improperly given. *Battle v. Weems*, 44 Ala. 105; *Sherman v. Jackson*, 47 Ala. 329; *Englehardt v. Clanton*, 83 Ala.

LOMAX & TYSON, *contra.*—(1.) The plea of set-off was substantially defective.—*Rosser v. Bunn*, 66 Ala. 19; *Washington v. Timberlake*, 74 Ala. 259; *Hooper v. Armstrong*, 69 Ala. 343; *Culver v. Hill*, 68 Ala. 66; *Jeffreys v. Bigelow*, 13 Wend. 518; *Marsh v. Webber*, 13 Minn. 109; *Sledge v. Swift*, 53 Ala. 110; *Kuhn v. Jewett*, 32 N. J. Eq. 647; 31 Hun, N. Y. 491; *Ryan v. Railroad Co.*, 35 N. Y. 210; Wharton on Negligence, § 97. (2.) A partial destruction of the leased premises during the term does not excuse the payment of rent, unless the lessee has protected himself by an express stipulation to that effect.—*Warren v. Wagner*, 75 Ala. 188; *Chamberlain v. Godfrey*, 50 Ala. 530; *McMillan v. Solomon*, 42 Ala. 356; Taylor's Land. & Tenant, §§ 372, 375, 8th ed. (3.) The plaintiff's entry, for the purpose of making repairs, with the knowledge and consent of the defendants, was not an eviction, nor did it operate as a rescission of the contract.—*Bartlett v. Torrington*, 120 Mass. 284; 43 Penn. St. 404; 106 Mass. 201. (4.) The evidence disclosed no case for recoupment of damages.—*Vandergrift v. Abbott*, 75 Ala. 487; *Culver v. Hill*, 68 Ala. 66; *Mayberry v. Leach*, 58 Ala. 339; *Abrams v. Watson*, 59 Ala. 524.

[Cook & Co. v. Anderson.]

CLOPTON, J.—The plaintiff leased to the defendants a building on Commerce street in the city of Montgomery, "for occupation as a grocery store and not otherwise," for one year from the first day of October, 1886, at a rental of one thousand dollars, payable in equal monthly installments. Plaintiff brings the suit to recover the installments due on the first day of March, April and May, respectively, 1887. The defendants seek to avoid the payment of the rent, in consequence of a fire which occurred November 29, 1886, and so damaged the leased building as to render it unfit for the purposes for which it was leased, in connection with the entry of the plaintiff after the fire to make repairs. The record presents only questions of law arising on facts admitted by both parties. The lease, which is in writing, contains an express covenant to pay rent for the term, and contains no stipulation for the cessation of the rent in the event the building is destroyed, nor any covenant that the lessor shall rebuild or repair.

The settled rule is, that a lessee of premises, destroyed during the term by unavoidable accident, is not relieved from an express promise or covenant to pay rent, unless he protects himself by a stipulation that the rent shall cease in such event, or unless the lessor covenants to rebuild or re-pair, or unless the destruction is of the entire subject-matter of the lease, so that nothing remains capable of being held or enjoyed, which operates a dissolution of the tenancy. *Chamberlain v. Godfrey*, 50 Ala. 530; *Warren v. Wagner*, 75 Ala. 188. The destruction was not entire. Only a portion of the building was damaged. The defendants remained in possession of, and enjoyed that part of the building which was not destroyed, keeping a small portion of their goods therein. The plaintiff was entitled to recover, unless some available defense exists, other than the partial destruction of the building.

2. Defendants insist that the entry of plaintiff, for the purpose of making repairs, amounted to an eviction, and dis-charged them from the payment of rent during the continu-ance of the eviction. An eviction, to be sufficient to suspend or extinguish the rent, must be tantamount to an expulsion, or amotion, depriving the tenant of possession and enjoy-ment of the leased premises. It may be total, or partial. There are authorities which hold, that when the eviction is by the lessor from a part of the premises, the tenant may elect whether to abandon them entirely, and put an end to

the entire tenancy and rent, or retain possession of the part that remains, free from any liability whatever for rent during the eviction, which, Mr. Washburn says, "seems now the settled rule of law, both in England and generally in the United States."—1 Wash. Real Prop. 564. In this State, a different rule, it seems, has been settled. In *Warren v. Wagner, supra*, BRICKELL, C. J. says: "When the landlord enters, and dispossesses the tenant of a part of the premises, a discharge of the entire rent will not result, unless it be shown that the tenant surrendered. or abandoned possession entirely. Nothing less than an entire abandonment or surrender will operate a dissolution of the tenancy, and a suspension or discharge of the whole rent. The rent is discharged only *pro tanto*, to the extent of the value of the use and occupation of the part of the premises of which the tenant is dispossessed, if he remains in undisturbed possession of the residue." The same principle was virtually asserted in *Chamberlain v. Godfrey, supra*, and *Crommelin v. Theiss*, 31 Ala. 412.

The question, however, is not necessarily presented by the record, which renders it unnecessary for us to consider it, or to express any opinion as to which is the sounder and better rule. The admitted facts are, that plaintiff only entered for the purpose of repairing the damaged part of the building, and that he so entered with the knowledge and consent of defendants, who resumed possession of the entire building as soon as the repairs were finished. An eviction is, in its nature, wrongful. There can be no eviction, which will operate to suspend the rent, without agreement, express or implied, where it is with the assent of the lessee, for a specified purpose, and temporary in its duration, and is not by the assertion of a superior claim or right. The entry of. the plaintiff, with the consent of the tenant, for the purpose of repairing, in order to render the premises more convenient and beneficial for his use and enjoyment, does not amount to an eviction.—*Peterson v. Edmunson*, 5 Harring. 378.

But, it is further insisted, that the entry of plaintiff with the assent of defendants was the equivalent of a rescission of the rental contract; and *Magaw v. Lambert*, 3 Penn. St. 444, is cited by counsel as sustaining this proposition, where it is said: "If the landlord took possession of the ruins for the purpose of rebuilding, without the consent of the tenant, it was an eviction; if with his assent, it was a rescission of the lease; and in either case the rent was suspended." In that

case, the building was destroyed, and the landlord took possession of the remaining premises, was bargaining for the cleaning of the cellar, and was offering to sell the property and give immediate possession—was exercising acts of ownership. The correctness of the rule may be conceded, when applied to a case where the entry of the landlord, with the assent of the tenant, permanently amoves him from the possession and enjoyment of the entire premises; but it is inapplicable when the entry is of only a part of the premises, is temporary, without intention of depriving the tenant of the use and enjoyment of the premises, and is made for the sole purpose of rendering them fit for his occupation during the residue of the term.

3. The defendants further seek to set off against the demand of plaintiff the damages which they suffered by reason of the fire. The admitted facts are, that plaintiff owned and occupied the adjoining store, "as a builder's material supply store;" that he had in stock and in the basement of the store paints, oils, varnishes, lime, and some cotton; and that the fire originated in the basement of plaintiff's store, and was communicated to the building occupied by defendants, greatly damaging the property. It is further admitted, that the origin of the fire is unknown, but that "plaintiff was not personally instrumental in causing the fire, and had no agency in causing it, except by reason of keeping inflammable materials in the cellar store, as above stated." The contention of defendants can be founded only on the ground, that keeping inflammable materials for the purposes of trade and traffic, in the basement of a store in a city, is a private nuisance *per se*, which makes the plaintiff liable for actual injury resulting therefrom, without regard to negligence on his part. Keeping explosive substances in large quantities in the vicinity of dwelling-houses or places of business, is ordinarily regarded a nuisance, whether so or not being dependent upon the locality, the quantity, and the surrounding circumstances. But negligence, or want of ordinary care in the manner of keeping, or in keeping large quantities, is requisite to impose a liability to answer in damages occasioned by an accidental explosion or fire, which it is incumbent on the party affirming to prove.—Wood's Law Nuis., § 140. The admitted facts do not tend to show any thing in the manner of keeping the materials mentioned, or in the way they were stored, or in their use, or in the conduct of the plaintiff concerning them, from which negligence can be inferred; and the mere fact of

· keeping such materials in store for trade is not sufficient negligence. The rule governs which exonerates a party from liability when engaged in a lawful business, and free from negligence.

Affirmed.