(129 So. 26)

# PIZITZ–SMOLIAN CO–OPERATIVE STORES v. RANDOLPH et al.

## 3 Div. 919.

Supreme Court of Alabama.
May 1, 1930.

Rehearing Denied June 26, 1930.

Steiner, Crum & Weil, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, John P. Kohn, Jr., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellees.

BROWN, J.

On September 28, 1928, the plaintiffs demised to the defendant, "the following premises in the City of Montgomery, Alabama, viz.: The land and three story building and all furniture and fixtures therein known as No. 23 on the North side of Dexter Avenue, for occupation as a retail dry goods store, and not otherwise, for and during the term of twenty-five years, to-wit: from the 1st day of October, 1928, to the 30th day of September, 1953," covenanting to keep the lessee in quiet possession of the premises during said term, upon condition that the lessee comply with all the stipulations of the lease, the defendant covenanting to pay $8,200 per annum as rent, in monthly installments of $683.33.

This action is to recover the installments of rent alleged to be due and unpaid, for the months of August and September, 1929, and the sum of $10,000 as attorney's fees.

Before otherwise pleading, the defendant made motion to strike from the complaint the claim for attorney's fees, assigning numerous grounds, which motion was overruled.

The lease stipulates that: "Lessee agrees, in the event it becomes necessary for lessor to employ an attorney to collect any of the rent agreed to be paid, or to enforce performance of any of the provisions of this lease, to pay all court costs and reasonable, attorney's fee charged therefor," etc.

■ Taking the averments of the complaint as true, it states a good cause of action for the recovery of the past-due installments of rent, and, under the quoted stipulation, as an incident to such recovery, a reasonable attorney's fee for the prosecution of the suit. The motion to strike was therefore overruled without error.

And for like reason the demurrer to the complaint was properly overruled. Terrell v. Nelson, 177 Ala. 596, 58 So. 989.

The appellant, predicating its contention on

the facts pleaded in special pleas 3, 4, 5, 6, 7, and 8, which appear in the statement of the case, and to which the court sustained plaintiffs' demurrers, now insists that inasmuch as the lease restricts the use of the building "as a retail dry goods store, and *not otherwise,*" and also vested in the defendant an easement in the stairway jointly owned by plaintiffs and the owner of the adjacent building, the collapse of the building rendered it wholly unfit for the restricted use, without fault or negligence of the defendant, terminated the relation of landlord and tenant between the parties, and limited defendant's liability to the rent accruing prior to the destruction of the building.

The demise in question, though it be conceded that it restricted the use of the property to a retail dry goods store, a question of some doubt in view of the conflicting provisions of the lease, and the stipulation declaring void "printed" provisions where they conflict with "typewritten or written" provisions, the defendant being let into possession contemporaneously with the execution of the lease, vested in it a leasehold estate for years in the land, subject to the limitations of section 6923 of the Code, 1923; Robertson v. Hayes, 83 Ala. 290, 3 So. 674; Miller et al. v. Woodard, 207 Ala. 318, 93 So. 28; 2 Thompson on Real Property, § 956.

The law is well settled in Alabama that in the absence of an agreement on the part of the lessor to rebuild or repair, the destruction of the building on leased premises, without fault or negligence on the part of the lessor, does not relieve the lessee from an express promise or covenant to pay rent, unless the lease so stipulates. McMillan v. Solomon, 42 Ala. 356, 94 Am. Dec. 654; Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446; Cook & Co. v. Anderson, 85 Ala. 99, 4 So. 713; O'Byrn v. Henley et al., 161 Ala. 620, 50 So. 83, 23 L. R. A. (N. S.) 496; Chamberlain v. Godfrey's Administrator, 50 Ala. 530. This is the general rule in states where the common law prevails. 2 Thompson on Real Property, § 1664, and cases cited in notes.

To this general rule there are well-recognized exceptions, such as where the sole subject-matter of the lease is an apartment, room, or building, without interest in the land other than the right of subjacent support, and the entire subject-matter of the lease is destroyed so that nothing remains capable of being held or enjoyed, rendering performance impossible, the destruction of the sole subject-matter of the lease, without fault or negligence of the lessee, terminates the lease, and the relation of landlord and tenant. McMillan v. Solomon; Cook & Co. v. Anderson, supra; 2 Thompson on Real Property, § 1664.

Another exception to the general rule is where the lease is of an apartment or room in a building, and the lease restricts its use to a certain business, which is prohibited by a subsequently enacted law, the lessee is relieved of performance, because it was contemplated by the parties in entering into the contract that the right to conduct the particular business would continue during the entire term of the lease. Greil Bros. Co. v. Mabson, 179 Ala. 444, 60 So. 876, 43 L. R. A. (N. S.) 664.

But this exception does not apply where the right to continue the business is not destroyed, but merely rendered less remunerative or profitable, or more difficult or costly. O'Byrn v. Henley et al., supra; Columbus Railway, Power & Light Company v. City of Columbus, Ohio et al., 249 U. S. 399, 39 S. Ct. 349, 63 L. Ed. 669, 6 A. L. R. 1648; Texas Co. v. Hogarth Shipping Corp., Ltd., etc., 256 U. S. 619, 41 S. Ct. 612, 65 L. Ed. 1123.

In Norman v. Stark Grain & Elevator Company (Tex. Civ. App.) 237 S. W. 963, cited by appellant as a case in point relieving it from liability, the case was made to turn on the construction of the lease, and the court construed the lease as of the building, without interest in the land other than the right of subjacent support, bringing the case within the doctrine of McMillan v. Solomon, supra.

In Greenberg v. Sun Shipbuilding Co., 277 Pa. 312, 121 A. 63, the lease was of the premises as an "apartment or club," the lessor stipulating that he would "manage the apartment or club which the lessee proposes to install for the use of its officials and employees during the whole of the prescribed term, and furnish at his own expense such servants and attendants as shall be necessary properly to care for the same," etc., for which the lessee agreed to pay a monthly rental of $425. The court held that the continued existence of the building was necessary to the performance of the personal services stipulated for, and its destruction rendered it impossible for the plaintiff to perform, or for performance in this respect to be supplied by the lessee, and therefore the destruction of the building terminated the lease.

The other cases cited, when examined, are easily differentiated from the case in hand.

Here, the continued existence of the three-story building was not essential to the use of the leased premises in the conduct of a dry goods store. The lease was of *the land,* and while it may be conceded (though the question is not presented on this record, Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446) that the lease imposed no obligation on the defendant to rebuild in case of destruction, its right to do so is clearly implied from the nature and extent of the leasehold estate which it acquired by the grant. And, as before stated, the mere fact that the enjoyment of the estate vested, is rendered more difficult or expensive, and a building of the same character cannot be replaced because of city or-

dinances requiring fireproof buildings, is not sufficient to terminate the lease. 2 Thompson on Real Estate, § 1664; Harris v. Heackman, 62 Iowa, 411, 17 N. W. 592; David v. Ryan et al., 47 Iowa, 642.

In respect to the contention that the destruction of the building destroyed the easement in the stairway, the general rule is that "an easement in a particular building, coupled with no interest in land, is extinguished by the destruction of the building"; but this is not the rule where the easement is coupled with an interest in the land. 1 Thompson on Real Property, § 623; George M. Jones v. Springfield Waterworks Co., 65 Mo. App. 388.

The averment of the special pleas do not bring the case within any of the exceptions to the general rule, and the demurrers thereto were sustained without error.

The lease in question stipulates that, "in case the present three story building or any part thereof, shall at any time be destroyed or so damaged by fire, as to make the same or any part thereof, unfit for use and occupancy, then the rents hereby reserved, or a fair and just proportion thereof, according to the nature and extent of the damage sustained, shall, until said premises shall have been rebuilt or reinstated and made fit for occupancy or use, be suspended and cease to be payable, and the parties of the first part (the lessors) agree to reinstate said building in *such event* to its former condition as speedily as possible; provided, however, that in case said building shall be totally destroyed *by fire*, parties of the first part agree to replace same promptly with a 3 story building of same dimensions and of like character on following conditions: They will use for that purpose the insurance at present carried on said building, viz: $10,000 and will spend the additional amount of money needed for the purpose of replacing said building provided party of the second part will at that time enter into an agreement to pay an increased rent sufficient to net parties of the first part 6% annually on said additional amount so invested—for balance of term of lease." (Italics supplied.)

At the time the lease in question was entered into between the parties, the defendant was in possession of the property holding under a lease from plaintiffs entered into on the 1st of October, 1920, for a term of ten years (to October 1, 1930), which had not then expired, and for which the lease in question was substituted.

The stipulation in the ten-year lease, corresponding with the above-quoted stipulation, was as follows: "2. It is provided that in case said building or premises, or any part thereof, shall at any time be destroyed or so damaged by fire, or *other unavoidable casualty*, as to make the same, or any part thereof, unfit for use and occupancy, then the rents

hereby reserved, or a fair and just proportion thereof, according to the nature and extent of the damage sustained, shall until said premises shall have been rebuilt or reinstated and made fit for occupancy or use be suspended and cease to be payable, and the Lessor agrees to reinstate said building in such event to its former condition as speedily as possible; provided, however, that in case said building shall be totally destroyed, then at the election of the Lessor or of the Lessee, upon written notice thereof to be given within thirty days after such destruction, the lease hereby created shall terminate." (Italics supplied.)

This first lease was offered by the plaintiffs and received in evidence over the objections of the defendant that it was irrelevant, incompetent, and immaterial; that it was not the lease sued on, and the lease sued on could not be voided or contradicted by the subsequent lease.

We are of opinion that this objection was overruled without error. The ten-year lease was so related to the lease in question in respect to the same property, it was competent as shedding light on the intention of the parties, and to aid the court in arriving at the true sense and meaning of the quoted provisions of the lease, relieving the lessee from liability for rent in the event of the destruction of the building, and as showing that such contemplated destruction was limited to destruction by fire. McGhee et al. v. Alexander et al., 104 Ala. 116, 16 So. 148.

The court, sitting without a jury, rendered judgment for the plaintiffs for $6,377.98, which included two months' rent, past due at the commencement of the suit, the interest thereon, and $5,000 as attorney's fee. On the day following the rendition of the judgment, the defendant made motion for new trial on the ground, among others, that the judgment was excessive. This motion was overruled, and to this ruling defendant reserved an exception.

The writer is of opinion that in this ruling the court committed error. The suit, as before stated, is for the recovery of two past-due installments of rent, with the interest thereon, and involves the enforcement of the obligation to pay. While the refusal of the defendant to pay, in connection with the defenses interposed, incidentally invoked a construction of the lease and the application of well-settled rules of law, still the question involved is the obligation to pay the past-due installments, and not the rent for the term. Therefore the writer, in view of the evidence, is of opinion that an attorney's fee of $400 is reasonable, and that the amount of the judgment should be reduced to $1,777.98.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur in the opinion except as to the amount

466

of attorney's fee. As to this they are of opinion that the suit involved not only the rent past due, but the continued existence of the lease, a question injected into the case by the defendant's pleas, and that a fee of $2,500 for the services rendered is reasonable.

The judgment is therefore reduced to $3,877.98, and as corrected is affirmed, the appellees to pay the costs of the appeal.

Corrected and affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.

SAYRE, J., not sitting.