21 So.2d 308

### HANCOCK v. TAYLOR.

### 2 Div. 202.

Supreme Court of Alabama.

March 1, 1945.

Rehearing Denied March 29, 1945.

Fred G. Moore, of Birmingham, for appellants.

Winston Withers, of Greensboro, and Jones, Dominick & McEachin and L. C. Bell, all of Tuscaloosa, for appellee.

BROWN, Justice.

This appeal is from the final decree of the Circuit Court of Hale County, sitting in equity, ascertaining the balance due from the contractor to the complainant, the materialman, for lumber, and materials furnished to and used by the contractor in the construction of fifty-four tenant houses in pursuance of a single contract, between Hancock, the contractor, and the lessee, the Black Belt Cooperative Leasing Association, a corporation, on premises in the possession of the lessee under several twenty year leases, from five different groups of freeholders, ascertaining that there was a balance due from the lessee to the contractor, and declaring a lien on said

balance and the leasehold estate or interest of the lessee. Pizitz-Smolian Co-op. Stores v. Randolph, 221 Ala. 458, 129 So. 26. The freeholders were all made parties defendant, and appeared and filed demurrers to the bill. The lien was not extended to the improvements, and the interest of the freeholders was not affected by the decree, and they have raised no question in respect to its soundness.

The respondents Hancock and the Black Belt Cooperative Leasing Association have appealed, and have been granted leave to sever, in the assignment of error.

The appellant Hancock filed a plea to the jurisdiction of the court joining in the plea, "The Southern Engineering Company," under which he, as an individual, engaged in business, alleging: (1) That he and his business name were bona fide residents of Jefferson County, and had been since the filing of the bill, and a long time prior thereto, and that the bill of complaint shows on its face that the only cause of action, if any, which complainant has against said respondents, "is an action at law, and that the Circuit Court of Jefferson County, Alabama, which is the Tenth Judicial Circuit of Alabama, has jurisdiction of such action at law, and the Circuit Court of Hale County, Alabama, does not have jurisdiction of the same." (2) That the facts alleged in the bill are not sufficient to invoke the jurisdiction of the Circuit Court of Hale County, in Equity, "in that the same shows on its face that the complainant has only a cause of action on the law side of the docket of this court, if any, and the respondents named above are all bona fide residents of Jefferson County, Alabama."

The plea stated additional grounds, in substance, the same as above.

■■ This plea in substance and legal effect goes to the merits of the bill, not to the jurisdiction of the court. The court did not err in overruling said plea. Scharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95; Prowell v. Wilson, 219 Ala. 645, 123 So. 38; Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465. Nor did the court err in overruling the demurrer of appellants to the bill as last amended. Its averments are sufficient to justify the court in taking jurisdiction to enforce a materialman's lien against the unpaid balance due on the contract in the hands of the lessee for the construction of the several tenant houses, and the leasehold interest of the lessee. Harden v. Wood Lumber Company, 235 Ala. 310, 178 So. 540; Code 1940, Tit. 33, §§ 39 and 40.

■ The verified statement of the claim filed in the office of the judge of probate under Section 41, Title 33, Code 1940, is a substantial compliance with the said section, and the case was clearly within the jurisdiction of the Hale County Circuit Court, the county in which the land was situated, and in which some of the material defendants resided. Code 1940, Tit. 33, § 48; Tit. 7, § 54.

■ The real controversy between the parties is raised by the defendants' assertion that all of the lumber furnished was not kiln dried and did not meet the specifications of the contract between the complainant and the contractor, and the complainant's answer thereto that the contractor and his authorized agent repeatedly urged immediate delivery of the lumber, though not completely kiln dried. If there was a breach of the contract in this respect, it was superinduced by the contractor, and inasmuch as he accepted the lumber and used it, he is estopped to assert such breach. On this issue the evidence was in sharp conflict. Most of the evidence was given ore tenus, and the trial court had ample opportunity to observe the manner and conduct of the witnesses, and was in better position than we to judge of their credibility.

■ After due consideration, we are unable to affirm that the conclusions stated in the decree are contrary to the great weight of the evidence. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

There is no error on the record.

The decree is affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.