36 So.2d 234

**FLOYD v. FRANKLIN et al.**

**7 Div. 966.**

Supreme Court of Alabama.

June 24, 1948.

Chas. Douglas and L. Chandler Watson, Jr., both of Anniston, for appellant.

Merrill, Merrill & Vardaman, of Anniston, for appellees.

BROWN, Justice.

The controversy in this case arises between the widow of Jake Franklin, deceased, and his mother over the right of the wife to claim as exempt from administration and the payment of debts $1,000 of the personal property and the homestead in which decedent lived at the time of his death and the right of succession to the residue if such exemptions are allowed.

After the administration of the estate of said Franklin had been removed from the probate court into the circuit court in equity, the wife filed her claims for these exemptions and these claims were contested by appropriate proceeding by the mother on the ground that said Franklin was feloniously killed by the claimant and the cross-bill filed by the mother asserted her right to succeed to the entire estate because of the wrongful and felonious killing of said intestate by the widow.

The trial was had on record evidence and testimony given ore tenus and resulted in two decrees in favor of the wife, sustaining her right to the exemptions both as to the personal property and the homestead and denying the claim asserted by the mother as to her right of succession. Along with these matters the administrator of the estate filed a bill seeking the instructions and advice of the court as to how the property of the estate should be distributed and in that proceeding a decree was entered directing the administrator after the exemptions were set apart, the payment of any debts filed and allowed as claims against the estate, and the payment of the costs of administration, whatever remained be paid to the wife. This appeal is prosecuted from those decrees by the mother.

The appellant, along with other evidence, adduced the record of the trial of Lorene Franklin, the wife, for the murder of and her conviction for manslaughter in the second degree and it is strenuously insisted that said conviction was the result of a plea of guilty by said Lorene Franklin in that after the state had concluded its evidence in the criminal trial there was an agreement between counsel representing Lorene Franklin and the solicitor prosecuting for the state with the approval of the court that said Lorene Franklin would accept a verdict of conviction for manslaughter in the second degree and this agreement along with the evidence which had been offered by the state was submitted to and approved by the jury and a judgment entered accordingly.

This judgment was not rendered on a plea of guilty and the conviction being for a misdemeanor, not a felony, as evidence in this proceeding its effect prima

facie is that the said Lorene Franklin did not feloniously kill Jake Franklin. Ola Floyd, therefore, had the burden of going forward with the evidence to show, if she could, that the killing was felonious. Sovereign Camp W. O. W. v. Gunn, 227 Ala. 400, 150 So. 491; Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387.

Much of the testimony of the witnesses examined in open court in the presence of the court was as to the circumstances and facts attending the killing of the said Jake Franklin and on many points the evidence was in sharp conflict as to whether or not the killing was wrongful or justifiable under the doctrine of self-defense. To warrant a denial of the right of succession by inheritance such killing must be shown to be felonious. Weaver v. Hollis, 247 Ala. 57, 22 So.2d 525.

The petition of Ola Floyd to hear the entire controversy as one was addressed to the sound discretion of the court and the sustaining of the demurrer thereto was free from error.

We cannot affirm error in the ruling of the court in sustaining the objection of counsel of Lorene Franklin to the question asked her on cross examination: "Q. And you are a woman of a great deal of passion, too, aren't you?" The court is invested with a wide discretion in limiting the right of cross examination, as to irrelevant matters. Cox v. State, 162 Ala. 66, 50 So. 398.

The sustaining of the objection of appellee to the transcript of testimony of witnesses examined on the trial of the case of State v. Lorene Franklin was without error. This testimony was at best hearsay.

After due consideration, we are not able to affirm that the conclusions stated in the decrees from which this appeal is prosecuted are contrary to the great weight of the evidence. Hancock v. Taylor, 246 Ala. 521, 21 So.2d 308. We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.