# Monaca Borough *v.* Monaca Street Railway Company, Appellant.

*Street railways—Municipalities—Construction of line—Extension—Branch line—Contracts—Nonperformance—Legal obstacles—Penal bonds.*

1. It is only where a party by his contract creates a duty or charge upon himself, that he is bound to make it good notwithstanding prevented by inevitable necessity from performing. In all such cases he is held to the performance of his contract because he might have originally provided against it. When it is the law that creates the duty or charge, and the party is unable to perform it without fault on his part, the law excuses. The law never exacts performance of a contract whose performance would involve violation of law.

2. A street railway company is not liable on a bond conditioned for the completion of its road on certain streets of a municipality before a certain date, although practically no work has been done by the time specified, where it appears that other municipalities through which the company was chartered to construct its road have not consented thereto, and that consequently the company could not lawfully build its road.

3. In such case, it is not material that such other municipalities are on a portion of the line authorized by an extension to the charter, and not by the original charter, where no work was done under the original charter until after the extension was authorized. Such extension is not a branch line, but a prolongation of the original line.

Argued Oct. 9, 1914.  Appeal, No. 103, Oct. T., 1914, by defendants, from judgment of C. P. Beaver Co., March T., 1911, No. 295, on directed verdict for plaintiff in case of the Borough of Monaca v. The Monaca and Ambridge Street Railway Company and Beaver Trust Company.  Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Assumpsit on penal bond.  Before HOLT, P. J.
The opinion of the Supreme Court states the facts.
Verdict for plaintiff by direction of the court, for $21,-560 and judgment thereon.  Defendants appealed.

*Errors assigned,* among others, were the refusal of the court to enter judgment for defendant n. o. v.

*Geo. C. Wilson,* of *Wilson and Evans,* with him *Agnew Hice,* for appellant.—The defendant railroad company was excused from performance of the condition of the bond by reason of the fact that all the boroughs through which it was chartered to build its line had not consented to the construction: Pennsylvania R. R. Co. v. Electric Railway Co., 179 Pa. 584; Penna. R. R. Co. v. Montgomery County Passenger Railway Co., 167 Pa. 62; Lehigh Coal & Nav. Co. v. Street Railway Co., 167 Pa., 75; Penna. R. R. Co. v. Street Railway Co., 176 Pa. 559; Wheeler v. Penna. R. R. Co., 194 Pa. 539.

*W. J. Mellon,* for appellee, cited: Ambridge Borough v. St. Ry. Co., 234 Pa. 157; York v. York Rys. Co., 229 Pa. 236.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:
The Monaca and Ambridge Street Railway Company by its original charter granted 12th September, 1905, was authorized to construct a line of railway, wholly within the County of Beaver, beginning at a fixed point in the Borough of Monaca and extending thence through

several townships to the Allegheny County line, a distance of eight and one-half miles. Within two weeks after the granting of this franchise the company applied for and received authority to construct an extension of its line from its western terminus through several townships in Allegheny County to the Borough of Coraopolis, a distance of about eight miles. This was the situation with respect to the company's franchise when in June, 1907, nearly two years subsequent to the charter, no part of the line then having been constructed, the Borough of Monaca, on application made, granted permission by ordinance to the company to construct, operate and maintain an electric street railway upon and over certain designated streets within the borough. The ordinance required many things of the company, none of which, however, concern us in this inquiry except that which is required by the 6th section of the ordinance. Under this particular section the company was required to construct its road on or before 1st December, 1909,—subsequently extended to 1st December, 1910,—in the manner prescribed by the section, and to give a bond in the sum of $20,000.00, with surety to be approved by the borough, conditioned on the company's compliance with the terms expressed in the section. The bond was given, and without objection the company entered upon the streets of the borough and proceeded to pave them as required. In this work it expended a considerable sum of money, but nothing beyond this was attempted by the company in the construction of its line of road at any point. The time limit for the completion of the road under the ordinance having expired, and no part of the railway having been constructed, the borough brought the present action to recover on the company's bond, and upon trial of the case the jury under binding instructions rendered a verdict for the plaintiff in the sum of $21,560.00. Judgment non obstante was refused, and judgment thereupon was entered on the verdict. The defense set up to the action was, that performance by the

company of its undertaking with the borough had been prevented by the refusal of several of the intermediate municipalities in Allegheny County to permit the company to enter upon the public road within their limits upon and over which the charter route passed. It was further shown by way of defense, that while the borough authorities of Aliquippa in Beaver County had given consent, such consent was coupled with a condition which made it impossible for the company to enter upon the streets in the borough except as further action was taken by the borough, which was refused. The trial judge in his opinion filed denying judgment n. o. v. gives no consideration whatever to the action taken by the Borough of Aliquippa, and treats the defense as though it rested exclusively on the action taken by the authorities of the several townships in Allegheny County. For the purpose of the case we shall consider it from the same point of view. We do not understand that the legal position advanced by the defendant is questioned, namely, that before a street railway company can lawfully begin the construction of its road in any municipality which has given its consent, it must have the consent of all the municipalities, townships included, through which its chartered line passes. So much has been re-repeatedly decided, and we need here refer only to Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62. The ground on which the trial judge bases his decision is, that the townships refusing consent are not within the termini of the road which the company by its original charter was authorized to build, but are beyond, and within the termini of what is declared in the opinion to be a branch line, as distinguished from the trunk line, and that therefore the rule above indicated does not apply. We quote from the opinion:

"In the case at bar there was complete municipal consent and authority for the construction of the trunk line. If it be the law as contended for by the defendant, then the Monaca and Ambridge Street Railway Com-

pany could not construct its line within the Borough of Monaca without first having municipal consent to construct the branch line, or extension, in Allegheny County, the predicament in which defendants find themselves by reason thereof, is one of their own creation and one against which they could have readily provided by putting a condition either in the ordinance or in the bond providing for such contingency as arose by the withholding of the consent in Allegheny County." To the case as thus stated the learned judge applies the principle that where a promisor makes an unconditional promise he assumes the risk, and as a general rule, cannot set up the impossibility of performance as a defense to an action by the promisee. The rule is not to be questioned, but its applicability to the facts of this case is more than doubtful. The distinction sought to be made between the line authorized by the original charter, and that authorized by the supplement, by styling the one a trunk line and the other a branch, might not be too technical to call for consideration had the original line been constructed before authority had been acquired to build what is here called the branch. When, however, an extension of route has been authorized before any work of construction has been entered upon, and the additional right given is simply to prolong the original line, there can be no reason for asserting such distinction when, in a controversy arising thereout, it is not alleged that in the transaction which is the basis of the action the distinction is a matter that was in the minds of the parties. When the Borough of Monaca gave permission to the defendant company to occupy the streets of the borough, the western terminus of the railway was under the charter of the company Coraopolis. The Allegheny County line could have been the western terminus only as the charter is to be understood as giving to the company the right to build two distinct roads. There is nothing to warrant any such conclusion, and there is nothing in the case to indicate

that it was so understood by the Monaca authorities. The case is barren as well of anything indicating that the company intended to build only the road authorized by the original charter, or that the borough authorities had any right to so suppose. The company's application was for permission to be given a company which had been authorized to build a continuous line from Monaca to Coraopolis, and it was with full knowledge of the company's right that the permission was granted. Under such circumstances to hold that the prolonged line was but a branch from the trunk, and that the consent of the municipalities through which it passed was therefore not necessary before work could be commenced on the original line, is to place the company in a predicament, not of its own creation, but one which neither party should have understood as a possible legitimate consequence. Against such a predicament the company was not bound to protect itself. It follows that the rule applied by the trial judge is inapplicable. It is only where a party by his contract creates a duty or charge upon himself, that he is bound to make it good notwithstanding prevented by inevitable necessity. In all such cases he is held to the performance of his contract because he might have originally provided against it. When it is the law that creates the duty or charge, and the party is unable to perform it without default on his part, the law excuses. And that was the case here. The law never exacts performance of a contract where performance would involve violation of law. Except as the company had obtained consent from all municipalities between the termini of the road, as we have found them to be here, the law forbade it entering upon any. We are of opinion that the defense set up was a complete answer to the action. It was error therefore to refuse the defendant's motion for judgment non obstante.

The judgment is reversed, and judgment is now entered for defendant.