## Hayes, Executor, *v.* Goodwin, Appellant.

*Landlord and tenant—Leases—Saloon properties—Transfer of license—Liability of tenant for rent after transfer—Termination of lease—Holding over.*

1. Where a lease provides that a building is to be used only as a licensed retail liquor saloon, the transfer of the license to another

location by the Court of Quarter Sessions, is not a defense to an action for rent accruing after the transfer, where it appears that the transfer was made upon the application of the lessee.

2. In an action for rent of a saloon property, accruing after the date of the expiration of the term of the lease by reason of defendant's continued occupancy of the premises, the affidavit of defense alleged that the license for the saloon had been transferred to another property, that there was an agreement that the lease would not last any longer than the license for the premises lasted, but did not allege who the parties to the agreement were or whether it was in writing or verbal; that some time prior to the expiration of the lease, defendant asked plaintiff for an extension thereof and was refused, and that defendant thereupon stated that he would ask for a transfer of the license, and that plaintiff approved of the transfer, but that plaintiff subsequently withdrew his approval of the transfer and filed a remonstrance against the transfer of the license and offered defendant a new lease. It appeared that defendant persisted in his effort for a transfer and continued to occupy the premises after the expiration of the lease. *Held*, the lower court properly entered judgment for plaintiff for want of a sufficient affidavit of defense.

Argued March 21, 1916. Appeal, No. 49, Jan. T., 1916, by defendant, from Judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1915, No. 2704, on verdict for plaintiff, in case of William A. Hayes, Surviving Executor and Trustee under the Will of Joseph Grandon, late of the City of Philadelphia, deceased, v. James F. Goodwin, Assignee of Charles A. Courtney, who was assignee of John B. McDermott. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

FERGUSON, J., filed the following opinion:

This action is brought to recover rent of premises 1432 Market street.

The defendant was the assignee of a lease which expired on the 31st day of March, 1915, and remained in the premises until after the first of May of that year,

whereupon the plaintiff elected to treat the defendant as a tenant for another year. The suit is for rent accrued during a part of the year, beginning April 1, 1915, and credit is given for such rent as the plaintiff has been able to obtain from another tenant who leased a part of the building after the defendant vacated. Several defenses are set up.

It is asserted that under the terms of the lease the building is to be used only as a licensed retail liquor saloon, and because the license of the defendant to sell liquor at retail was transferred by the Court of Quarter Sessions to another location, no obligation remains to pay rent. Since the transfer was made upon the application of the defendant, he cannot be heard to set up that fact as a defense. In Teller v. Boyle, et al., 132 Pa. 56, the Supreme Court, under similar circumstances, held that if the Court of Quarter Sessions had refused to re-license the lessee, that fact would not operate as a defense to the claim of the landlord.

It is also alleged that when the lease was transferred from the former tenant to the defendant, which transfer is in writing, there was an "understanding and agreement that the lease would not last any longer than the license for the premises lasted." This defense is without merit. It fails to state who were parties to the understanding and agreement, and whether it was in writing or verbal. Such a vague, uncertain and indefinite allegation is not sufficient to overcome the terms of a writing which contains no reference to such an agreement.

The defendant also asserts that some time prior to the expiration of the lease on March 31st, he asked the plaintiff if he could have an extension of the lease, which was refused, whereupon the defendant indicated his intention of asking for a transfer of the license, and this intention was approved by the plaintiff; that in February the defendant presented a petition to the court for a transfer of the license to another locality, to which petition the plaintiff filed a remonstrance. Upon the hear-

ing in court the plaintiff agreed to give the defendant a new lease from June 1, 1915, to June 1, 1916, but this was "too late to enable the defendant to make his arrangements; that the remonstrance was filed on the 2d day of March, only two or three days before the hearing of the petition for transfer, and the license court did not hand down its decision until the 9th day of April, when the transfer was allowed. The defendant did not find it convenient to vacate the premises until some time in the month of May. These facts, in our opinion, do not constitute a defense. Just exactly what the arrangements were which the defendant would be obliged to make and which could not be made by reason of the delay of the plaintiff in offering a new lease for one year, is not set out. The court is not ignorant of the practice prevailing with reference to liquor applications in the Court of Quarter Sessions. If there was an application to transfer the license in March it was an existing license that was sought to be transferred. At the March hearings of the court for the disposition of such business, applications for the new year beginning June 1st are, heard, and it is the practice for those who at that time desire to have their licenses transferred to new locations to present applications for a new license at the old location as well as one for the new. The former, in the absence of a remonstrance, is usually granted as a matter of course. If the latter is granted, it is granted for the new year beginning June 1st, and the license for the remainder of the old year is ordinarily then transferred. The defendant does not say if he had withdrawn his application for a transfer that he would have lost his right to sell liquor at the old place, and the offer of the plaintiff to grant him a continuance of the lease certainly placed him in a position to make such withdrawal and to continue as a tenant. The action of the plaintiff in filing a remonstrance against the transfer was a sufficient withdrawal in fact of the attitude previously taken by the landlord to refuse a continuance of the lease, which

was confirmed by the offer to formally execute a new lease. In the face of this remonstrance and the offer of a new lease defendant persisted in his effort for a transfer, and continued to occupy the premises after the expiration of his lease. There is nothing in these facts which constitute a defense to the plaintiff's claim.

The allegations with reference to an alleged eviction are too vague and insubstantial for consideration.

The court made the rule absolute. Defendant appealed.

*Error assigned* was the order of the court.

*John Weaver,* for appellant.

*Joseph G. Magee,* for appellee.

PER CURIAM, May 15, 1916:
This judgment is affirmed on the opinion of the learned court below making the rule for it absolute.