## Nierenberg, Appellant, *v.* R. C. Maxwell Co.

*Practice, C. P.—Affidavit of defense—Sufficiency—Lease—Advertising—Refusal of art jury to approve.*

In an action to recover rents for premises leased for advertising purposes, an affidavit of defense is insufficient, which merely alleges that the art jury of Philadelphia refused to approve proposed sign, especially when the art jury did not prohibit the erection of any sign on the plaintiff's roof, but only disapproved of the particular design submitted.

There having been no warranty in the lease that defendant had a legal right to erect an electric sign, and the lease having been made after the passage of the act creating the art jury, it must be assumed that the lessee took the risk of obtaining the approval of the art jury for its proposed sign or signs.

Argued December 20, 1920. Appeal, No. 319, Oct. T., 1920, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1920, No. 407, discharging rule for judgment for want of a sufficient affidavit of defense in the case of David Nierenberg v. R. C. Maxwell Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for rent alleged to be due on lease. Before PATTERSON, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* and with him *Aaron Trasoff,* for appellant.

*Frank A. Harrigan,* for appellee.

OPINION BY KELLER, J., March 5, 1921:

Plaintiff, on December 15, 1919, leased to defendant the roof and walls of property Nos. 1501-3-5 North 33d street, Philadelphia, for a period of five years from January 1, 1920. The lease provided that the defendant was to erect a sign or signs on said roof for advertising purposes and was to have the privilege of putting an electric meter in the premises and running wires and reflectors to illuminate said signs.

The defendant paid the first two quarterly installments of rent as provided in the lease but failed to pay the third, due on July 1, 1920, and this action in assumpsit was brought to recover it.

The affidavit of defense filed by defendant set up only one ground of defense, viz: that upon defendant "making application to the art jury of the City of Philadelphia, in accordance with the provisions of the Act of Assembly of June 25, 1919, P. L. 581, to erect a sign upon said highway, to wit, 33d Street, such permission was refused by the said art jury under its authority and the said defendant never has nor is it able to use the premises for the purposes for which they were leased."

The court of common pleas refused to enter judgment for want of a sufficient affidavit of defense and plaintiff appealed.

The plaintiff in making the lease did not warrant, either expressly or impliedly, that the defendant had a legal right to erect an electric sign or signs on the roof in question. He leased it to the defendant to erect a sign or signs for advertising purposes and the latter had the privilege of using electricity to illuminate the sign but was not required to do so or to illuminate it at all. The lease did not provide for the erection of any par-

ticular form or design of sign by the defendant; nor did it authorize the erection of any sign whatever on or over the highway, 33d street, but only on the roof forming part of plaintiff's property.

We are not favorably impressed with the proposition that, under existing legislation, the approval of the art jury is required in respect to structures and fixtures placed wholly on a private owner's property and not erected upon or extending over any highway, stream, lake, square, park or other public place within the city, or that the phrase "upon......any highway" as used in Clause (e) of Section 11, Art. II of the Act of June 25, 1919, P. L. 581, is equivalent to "upon any property fronting on any highway," any more than that the use of almost the same phrase in Clause (d) of that section with reference to works of art has anything to do with statuary, paintings, stained glass windows · or mural decorations erected or placed on the grounds or in the houses of private owners of land fronting on any highway belonging to or under the control of the city. It seems to us, that the words "erected upon" and "extending over," used in said clause in connection with "any highway......or other public place," have a correlative meaning and refer to a structure or fixture erected so as to occupy part of the highway on the surface or just out over it above.

But irrespective of this, the affidavit is not sufficient. It does not aver that the art jury refused to permit any advertising sign to be erected on plaintiff's roof, but only that a particular sign "upon said highway" was disapproved. The resolution of the art jury is printed in appellee's paper-book as follows: "Resolved that the Art Jury disapprove the design and location of the proposed illuminated sign for No. 1501 North 33d Street, corner of Jefferson Street, as shown by print endorsed by the Art Jury, in part. Submission No. 1218. Received by Art Jury June 22, 1920." This does not prohibit the erection of any advertising sign on the plain-

tiff's roof, but only disapproves the design and location submitted. If the defendant can erect any advertising sign whatsoever on the plaintiff's roof, it has the use of the demised premises intended in the lease.

Furthermore, the Act of 1919, if it applies at all to a sign erected wholly on plaintiff's roof and not extending over 33d street, had been enacted and approved before the defendant executed the lease. Defendant was bound to know its provisions and if it accepted such a lease without any condition as to its becoming inoperative in case the approval of the art jury was necessary and could not be secured for any advertising sign on this roof, it ran the risk and cannot shift the uncertainty to the plaintiff. This is not the case of a lease legal at the time it was made becoming illegal by a subsequent statute of the State, or of a contract, enforceable when executed, being afterwards rendered impossible of performance by operation of law. It is rather a lease of premises for a perfectly legal purpose made after the passage of legislation which may or may not affect its full enjoyment depending on whether the consent of a statutory commission to a particular use of said premises can be obtained. It is similar to a lease of premises for a saloon or liquor business; in the absence of a condition to the contrary the lessee assumes the risk of obtaining the necessary license: Teller v. Boyle, 132 Pa. 56; even if local option is adopted pending the lease under a statute in force when the lease was made: Hyatt v. Grand Rapids Brewing Co., 134 N. W. 22 (Mich.). To the same effect, see Houston Ice and Brewing Co. v. Keenan, 88 S. W. 197 (Texas); Kerley v. Mayer, 31 N. Y. Supp. 818, affirmed 49 N. E. 1099.

In Cochran v. Zimmerman, 253 Pa. 161, it was held that a tenant of a theatre was liable for the rent for the balance of the term notwithstanding the enforcement of certain city ordinances, enacted before the lease was executed, which made it impossible to continue the use

of the building as a theatre without such alterations as would render it too small for profitable use.

The fact that in the present lease the parties inserted a clause providing for the termination of the lease in case the view of the sign was obstructed by a building operation would tend to show that they had considered the question of terminating the lease before the end of the term and had limited it to the one cause expressed: expressio unius est exclusio alterius.

We are all of opinion that the affidavit of defense was insufficient to prevent judgment.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.