# The Pennsylvania Company for Insuring Lives and Granting Annuities, Trustee, Etc., *v.* Bodek et al., Appellants.

*Landlord and tenant—Leases—Destruction of premises by fire—Liability for rent.*

In the absence of an express agreement there is no implied obligation on a landlord to repair demised premises. The destruction of the premises by fire does not exonerate the tenant from the payment of rent, on the ground that the landlord did not keep the property in repair.

A clause in a lease providing that "No repairs of any sort or kind are to be done in and about the premises, during the lease, by the lessor, saving that the roof will not be required to be repaired by the lessee. The lessor, however, assumes no responsibility to the lessee in case of nonrepair to the roof, or for any damages resulting from such nonrepair," did not constitute any obligation on the part of the landlord to repair the roof. Such a provision only excused the tenant from any duty to repair the roof.

Argued October 6, 1921. Appeal, No. 7, Oct. T., 1921, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1916, No. 2502, directing a verdict in favor of the plaintiff in the case of The Pennsylvania Company for Insuring Lives and Granting Annuities, Trustee under the will of Thomas J. Hemphill, deceased, v. Wolf Bodek, Benjamin Rabinovitch, David Rabinovitch and Joseph I. Rabinovitch, trading as W. Bodek Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for rent due under a lease. Before SHOE-MAKER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff for $1,160.33, on which judgment was entered. Defendants appealed.

*Error assigned,* among others, was in directing a verdict for the plaintiff.

*John Weaver,* for appellants, cited: McClurg v. Price, 59 Pa. 420; Block v. Dowling et al., 7 D. R. 261; Pierce v. Joldersma, 91 Michigan Reports 463; Bradley v. Citizens Trust and Surety Company, 7 Pa. Superior Ct. 419; Fisher v. Nergararian, 112 Michigan Reports 327; Strohecker and Baldwin v. Barnes, 21 Ga. Rep. 430.

*Joseph Ewing,* of *Saul, Ewing, Remick & Saul,* for appellee, cited: Bussman v. Ganster, 72 Pa. 285; Moore v. Weber, 71 Pa. 429.

OPINION BY TREXLER, J., November 21, 1921:

This was an action by a landlord against a tenant to recover rent for an unexpired term. The premises were destroyed by fire and thus became untenantable. The tenant claims that he is exonerated from the payment of rent by reason of the landlord not keeping the covenants of the lease. The clauses of the lease that bear upon the question involved are as follows: "The lessee shall keep, and at the expiration of the term peaceably deliver up the premises, in the like good order, condition and repair they now are, ordinary wear and tear and casualties by fire and unavoidable accident alone excepted." "No repairs of any sort or kind are to be done in and about the premises, during the lease, by the lessor, saving that the roof will not be required to be repaired by the lessee. The lessor, however, assumes no responsibility to the lessee in case of nonrepair to the roof, or for any damages resulting from such nonrepair."

The basis of the appellants' contention is, that under the language above quoted, the landlord binds itself to repair the roof, and that the roof having been destroyed by fire, the landlord in failing to replace it absolved the tenant from paying rent; that the landlord itself must perform all its obligations under the lease before it be-

comes entitled to any rent. In the decision of the question we are not aided by the many cases cited by the learned counsel for the appellant in support of the above proposition, for the reason that we do not start out with the same construction as he places upon the lease. We do not regard the language of the lease as putting any obligation on the landlord to repair the roof. In the absence of an express agreement there is no implied obligation on the landlord to repair demised premises: Wood v. Carson, 257 Pa. 522, nor to rebuild if they burn down: Moore v. Weber, 71 Pa. 429, and in the present lease, as we have already stated, there is no engagement on the part of the landlord to repair the roof. Upon examining the clause last above quoted, we think it evident that the intention of the parties was that the tenant should make the repairs, but that as far as the roof is concerned, he could do as he pleased. There was no obligation on his part to keep that in the same condition it was when he took the premises. As long as he was satisfied with it, the landlord did not care in what condition it was, but should it become so that its condition would cause injury to the tenant, that was to be at his own risk, and the landlord assumed no obligation in this regard. We can easily read between the lines and conclude that the proper repairing of the roof was a matter of some expense, and neither the landlord nor the tenant cared specifically to obligate themselves to do it.

We think the learned court was correct in concluding that the defense put up by the appellant could not be maintained, and that judgment was entered properly.

Judgment affirmed.