## Jacobs, Appellant, *v.* Mingle et al.

*Landlord and tenant—Lease of hotel—Liquor law—Effect of prohibition law—Contract—Prevention of performance by law—Good will.*

1. It is only where a party by his contract creates a duty or charge upon himself, that he is bound to make it good notwithstanding he is prevented by inevitable necessity, inasmuch as he might have protected himself in the contract.

2. When it is the law that creates the duty or charge, and the party is unable to perform it without default on his part, the law excuses.

3. Where a whole building is leased as a hotel property without limitations as to the uses to which it could be put, but it is the understanding of the parties that the principal use would be the sale of intoxicating liquors, the lessee is not relieved from his voluntary contract to pay rent by the adoption of the 18th Amendment and the passage of the Volstead Act.

4. In such case the lessee cannot demand a return pro tanto of the amount paid for good will where it appears that such payment was made to the former owner of the license and not to the lessor.

Argued May 21, 1923. Appeal, No. 10, May T., 1923, by plaintiff, from decree of C. P. Dauphin Co., Equity Docket, No. 666, on bill in equity, in case of E. W. Jacobs v. S. Bruce Mingle et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to cancel lease, to restrain collection of judgment, and for repayment of money paid for rent and goodwill. Before WICKERSHAM, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff for satisfaction of judgment on payment of amount stated, but denying other relief. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*L. H. Beers,* with him *John R. Geyer,* for appellant.— Goodwill is not susceptible of being disposed of independent of the other assets of the business or separate from the business of which it is a part: Thackery's App. 75 Pa. 132; Elliot's App., 60 Pa. 161; Musselman's App., 62 Pa. 81.

The lease of the hotel was terminated by act of Congress: Rhode Island v. Palmer, 253 U. S. 350, 486; Heine v. Meyer, 61 N. Y. 171.

*Michael E. Stroup,* for appellee.


OPINION BY MR. JUSTICE SADLER, June 23, 1923:

Jacobs, the plaintiff, was anxious to secure possession of a certain hotel in the City of Harrisburg, and entered into negotiations with the owners, defendants in the present suit. He agreed to, and did, pay the then occupant $15,000 for the goodwill and fixtures of the establishment, and leased the property from September 1, 1916, at a monthly rental, for five years, with the privilege of renewing the term for a further period. The contract did not limit the uses for which the building could be used, though it would seem the lessee expected his profit to be realized from the sale of liquors, and a barroom was there operated, the license having been transferred to appellant. He occupied the premises until April, 1920, when he attempted to surrender possession by leaving the key at the home of one of the lessors, having paid the last four months' rent under protest. In the meantime the Eighteenth Amendment was adopted, and the Volstead Act came into force, prohibiting the sale of intoxicants after July 1, 1919. On May 24, 1920, the owners reëntered the property, made improvements at large cost, and leased the building to others for sums totaling an amount in excess of that previously agreed to be paid. However, judgment was entered for the amount of rental alleged to be due by plaintiff until the end of the period called for by the contract.

The present bill was filed to restrain further proceedings, demanded a return of the rent from the time of the alleged eviction, arising from the legal impossibility of continuing the business as contemplated, and asked, as well, that a proportionate part of the sum paid for goodwill be accounted for. An additional suggestion of interference with the possession of the tenant, caused by the removal of a bay window, need not be considered, in view of the finding of the court below that this was done by consent of plaintiff, or at least without objection by

him. It was decreed, the judgment entered be reduced to cover alone the period until the time of taking repossession by the lessors, when an actual eviction occurred, but the claim for relief from the date of the effective operation of the Volstead Act was denied, as was an accounting for any part of the sum paid for goodwill, at the time of making the lease.

The real question we are called on to decide is the effect of the national prohibition laws upon the relation of landlord and tenant. Though this has been the subject of discussion by the appellate courts of many other states, it has not been considered here, though the underlying principles, which must control, have been. It will first be observed, the lease in question was of a hotel property, and not of a room to be used solely for the sale of liquor, a distinction held important by the decisions of many courts where the question has been passed upon: Proprietors' Realty Co. v. Wohltmann, 95 N. J. L. 303, 112 Atl. 410; In re Bradley, 225 Fed. R. 307. And in this respect, the present case is to be distinguished from Doherty v. Monroe Eckstein Brewing Co., 191 N. Y. Supp. 59, relied upon by appellant.

It would be useless to cite the many authorities to be found on the subject, and we will content ourselves by reference to the collection of cases in 22 A. L. R. 821, supplementing 7 A. L. R. 836. There is uniformity in the conclusion that the tenant remains liable, unless the lease shows its purpose to be for the sale only of beverages now prohibited, or there appears a reservation of the right to abandon the property if such contingency arises: Imbeschied v. Lerner, 241 Mass. 199. The statement has been made thus: "It is generally held that in case of the lease of premises to be used for the sale of intoxicating liquors, the subsequent enactment of a statute or the adoption of a prohibition of that business under local option law, preventing the further use of the premises for the sale of intoxicating liquors, does not affect the lessee's liability for the stipulated rent

And this is specially true where, though the lease contemplated the sale of intoxicating liquors upon the premises, the lessee was not restricted to the exclusive sale of such liquors but could use them for the sale of other articles or other purposes" : 16 R. C. L. 743.

The controlling principle enunciated finds support in our authorities. "It is only where a party by his contract creates a duty or charge upon himself, that he is bound to make it good notwithstanding prevented by inevitable necessity. In all such cases, he is held to the performance of his contract, because he might have originally provided against it. When it is the law that creates the duty or charge, and the party is unable to perform it without default on his part, the law excuses" : Monaca Borough v. Monaca St. Ry. Co., 247 Pa. 242, 247. Here, we find a lease voluntarily made by the parties, and the taking away of the right which the lessee anticipated he could exercise does not relieve him from the contract to pay which he assumed. This rule was recognized in Teller v. Boyle, 132 Pa. 56, where the lessee failed to secure from the court the right to sell intoxicating liquors, and in Hayes v. Goodwin, 253 Pa. 607, where the license was transferred. The proposition is similar to that arising when premises have been destroyed by fire, and the liability of the tenant is held to continue: Hoy v. Holt, 91 Pa. 88; Trickett, Landlord and Tenant, 77.

One other question is raised, based on the claim to an accounting for the sum paid as goodwill. This is sufficiently answered by stating that, under the findings, it appears the sum involved was given directly to the former tenant and licensee. Though the present defendants, or one of them, may have acted as agent for the person formerly in possession by arranging the sale, they clearly are not liable for the amount paid, and the learned court properly so held.

The judgment was reduced below, so as to cover solely the period to the date of the actual eviction, which occurred on May 24, 1920. No complaint is made by the

appellant as to this finding, and it was as favorable to him as he had a right to demand.

The decree is affirmed at the costs of appellant.