## Sankey et al., Appellant, *v.* Martin and Frisbie.

*Landlord and tenant—Written lease—Destruction of premises by fire—Termination of lease—Rent due.*

In the trial of an issue to determine the amount of rental due under a written lease of property destroyed by fire, there was evidence that the lease was for a hotel at a fixed sum per month and for furniture at an additional fixed sum per month.

Such a lease, in the absence of a convenant that rent should cease in case of destruction of the leased premises by fire, renders the lessee liable for rent to the end of the term.

The general rule is that where premises have been destroyed by fire the liability of the tenant to pay rent continues. Where the consideration which the lessee agreed to pay for the real estate was rent, the amount of which was determinable apart from rent due on the personal property, the mere fact that the contract included personal property was insufficient to take the case out of the general rule.

Greenberg *v.* Sun Shipbuilding Co., 277, Pa. 312, distinguished.

Argued March 6, 1928. Appeal No. 10, February T., 1928, by plaintiff from decree and judgment of

Statement of Facts—Opinion of the Court.   [93 Pa. Superior Ct.

C. P., Lackawanna County, March T., 1925, No. 628, in the case of Thomas P. Sankey et al. v. Michael Martin and W. S. Frisbie.   Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Petition to open judgment entered by confession. Before WATSON, J.

The facts are stated in the opinion of the Superior Court.

The court opened the judgment and awarded plaintiff the sum of $630.50, with interest, to cover rental to the time of the fire.   Plaintiff appealed.

*Error assigned* was the order of the court.

*Milton J. Kolansky,* for appellant.

*John Memolo,* for appellee.

OPINION BY GAWTHROP, J., April 16, 1928:

Judgment by confession was entered in the court below against defendants for the amount of rental alleged to be due under a written lease, wherein and whereby plaintiffs' assignor leased to defendants a hotel property, together with the furniture therein. On defendants' application the judgment was opened and the issue framed was tried before the court without a jury, when the following undisputed facts appeared:   The term of the lease was for one year beginning May 15, 1924, at a rental of $2,166, payable $180.50 per month in advance, $150 per month being for the real estate and $1 per day for the personal property. The hotel was destroyed by fire on February 10, 1925.   Defendants paid the rent to January 15, 1925.   The lease contains the following covenants: "At the end of said term or any renewal, the demised premises shall be delivered up without further notice in as good condition as at the commencement thereof,

ordinary wear and tear and unavoidable damage by fire, tempest and lightning excepted.'' There was no covenant that the rent should be extinguished by the destruction of the leased premises by fire.

On this state of facts the court below decided in the first instance that the destruction of the hotel building did not relieve the lessees from liability for rent for the remainder of the term, and that plaintiffs were entitled to the sum of $180.50, rental for the real estate and personal property for the month ending February 14, 1925, and $150 per month, rental for the real estate for the remainder of the term, or a total of $630.50. After exceptions filed, the court held that defendants were not liable for rent for the part of the term subsequent to the date of the fire, and entered judgment for $180.50, the amount due on the date of the fire. Plaintiffs have appealed.

The question presented for our consideration is whether the destruction of the building by fire before the expiration of the lease relieved the tenants from further liability for the payment of rent for the real estate for the remainder of the term. The general rule is that it is no defense to the claim for rent that the premises had been destroyed by fire and that the landlord had received the insurance money: Hoy v. Holt, 91 Pa. 90; Jacobs v. Mingle, 278 Pa. 250, 254; Tricket, Landlord and Tenant 77; Paxson and Comfort Co. v. Potter, 30 Pa. Superior Ct. 615. The court below regarded the decision in Greenberg v. Sun Shipbuilding Co., 277 Pa. 312, as authority for holding that the facts take the case out of the common law rule which requires payment of rent even after destruction of a building on leased land. As we understand that decision, it does not warrant such a conclusion. That was a suit to recover ''rental'' for premises leased and compensation for ''services'' to be performed by the landlord upon the premises. The destruction of the building by fire rendered it impossible for plaintiff to carry

out his part of the contract. The consideration to be paid under the agreement was for the use of the premises and for the personal service of plaintiff, and it was impossible to determine how much thereof was applicable to the use of the premises and how much to the personal services to be rendered. "The contract was an entire one in which defendant agreed to pay only 'for a unit of realized benefit.'" We think that case is readily distinguishable from the present upon its facts. Here the consideration which defendants agreed to pay for the real estate was rent. It is a simple matter to determine the amount due as rent for the hotel and as rent for the use of the personal property. We do not regard the fact that the contract included so-called rental for personal property as well as real estate sufficient to take the case out of the general rule that when premises have been destroyed by fire the liability of the tenant to pay rent continues. The covenant that the demised premises shall be delivered up in as good condition as in the beginning of the term "unavoidable damage by fire" excepted, relieved defendants of any obligation to rebuild the hotel, but was no defense to plaintiff's claim for rent.

The judgment is reversed and judgment is now entered in favor of the plaintiffs and against the defendants in the sum of $630.50, with interest from January 14, 1925, and costs.