## Genzelman et ux. v. Ostrovsky et ux.

*H. Toll,* for plaintiffs.
*Solit & Solit,* for defendants.

WINNET, J., February 25, 1949.—Defendants' subtenant has refused to vacate the premises. And defendants are unable because of the restrictions against evictions (both Federal and municipal) to oust him. Are defendants, nevertheless, liable to plaintiffs for rent for holding over beyond the term of the lease? This is the unusual problem presented by this suit.

Plaintiffs were owners of 939 North Fortieth Street, Philadelphia, which contained a store and apartments. Defendants entered into a lease for a term of one year at a rental of $110 per month, with the privilege of renting the apartments. About three months prior to the expiration date of the term, defendants rented to a subtenant the first-floor rear apartment at a rental of $45 per month. Thereafter, defendants gave due notice to plaintiffs of intention to terminate the lease at the expiration of the term, May 31, 1948. Plaintiffs acknowledged receipt of the notice and stated that they would hold defendants liable unless defendants at the end of the term surrendered a vacant building. On

May 31st, the expiration date, the entire premises were vacated with the exception of the subtenant in the first-floor rear apartment.

Plaintiffs have brought suit for rent due in the month of June, and up to July 22nd, the date of the sale of the premises. The suit is at the rate of $110 per month with a credit given to defendants of $78, received from the subtenant who held over during this period.

To the complaint, setting forth the above facts, plaintiffs have filed preliminary objections in the nature of a demurrer. The grounds alleged are that defendants had given proper notice to terminate the lease and that they are not responsible for the holding over of the subtenant since the law did not permit them to bring eviction proceedings against him.

Upon the termination of the tenancy, the landlord was entitled to receive the full and complete possession of the demised premises from the tenant: Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330, 332. If a subtenant be in possession, the tenant must get him out or the possession of the subtenant will be regarded as the possession of the tenant: Meyerowitz v. Horowitz, 220 N. Y. S. 681; Pittfield v. Ewing, 6 Phila. 455.

These general principles are admitted by defendants, but they contend they are excused from compliance by the impossibility of evicting the subtenant under the restrictions imposed by law: Housing and Rent Act of June 30, 1947, 50 U. S. C. §1881-1902; Philadelphia Housing Rent Control Ordinance enacted August 13, 1947.

Is there such impossibility of performance so as to excuse the obligation of defendants to pay rent for holding over? A full discussion of the doctrine of impossibility in rental contracts is contained in Reading Co. v. Allied Oil Co., Inc., 49 D. & C. 523. Suffice it to say, that it has no application to rental contracts.

The obligations of a tenant to pay rent, unless there is specific exception in the lease, is absolute, and there is no impossibility of performance which will excuse him. This has been the law in England, and is the law in this Commonwealth. Neither the destruction of premises (Pennsylvania Co., etc., Trustees, v. Bodek et al., 77 Pa. Superior Ct. 473; Sankey v. Martin, 93 Pa. Superior Ct. 389), nor impossibility of use created by law (Cochran v. Zimmerman, 253 Pa. 155; Nierenberg v. R. C. Maxwell Co., 76 Pa. Superior Ct. 295), will excuse a tenant from paying his rent.

A. L. I. Restatement of the Law of Contracts §458, furnishes another reason why defendants' performance cannot be excused. Impossibility of performance, due to contributing fault on the part of the person subject to the duty, will not constitute a valid defense. Three months before the termination of their lease defendants entered into a lease with the subtenant. Granted they expected the subtenant to vacate the premises, they nevertheless risked a holding over. This is particularly true in view of the existing and well-known housing shortage. Plaintiffs, as landlords, were in no position to protect themselves against this risk. Defendants, as tenants, are charged with the obligation of delivering the premises at the end of the tenancy or being liable for holding over.

"The rights of the parties must be measured by the contract which they themselves made. A contract is not invalid, nor is the obligor therein in any manner discharged from its binding effect, because it turns out to be difficult or burdensome to perform . . . 'As a general rule a lessee is not relieved from liability by subsequent developments or changes in the property' ": Corona v. Dickinson, 261 Pa. 589.

The preliminary objections are overruled. Defendants have leave to file an answer within 15 days.