## Derian v. Bachman et ux.

*J. A. Keough*, for plaintiff.

*R. J. Di Cinto*, for defendants.

SMITH, P. J., October 4, 1949.—This matter comes before the court on defendants' motion to show cause why a judgment entered on a confession contained in a written lease should not be opened, and to permit defendants to enter into a defense.

Plaintiff, owner of a four-story apartment building situate 3801 Walnut Street, Philadelphia, on September 1, 1947, entered into a written lease with defendants for a term beginning September 1, 1947, and terminating December 31, 1948, reserving a rental of $1,587 payable in monthly installments of $132.50 each. The lease contains a provision that unless either party terminates it at the end of the initial term by giving 90 days' notice to the other, it shall continue thereon from month to month.

Defendants entered upon the premises, occupied one of the apartments themselves and leased the other six apartments to subtenants. On August 4, 1948, plaintiff served a written notice on defendants advising them of the termination of the lease as of December 31, 1948. As a result of the notice of plaintiff, defendants removed themselves from the premises but left thereon some subtenants. The landlord, plaintiff, was forced to have the subtenants left on the premises evicted by an amicable action of habere facias possessionem on May 2, 1949. Plaintiff thereupon has caused judgment to be confessed under the provisions of the written lease for a rental at the rate of $132.50 per month from January 1, 1949, to April 30, 1949, with legal interest and attorney's fee at five percent, in

accordance with the terms of the lease. It is this judgment which defendants desire to open.

The contractual obligation between the landlord and lessee is determined by the terms of the lease. While the obligations between the subtenants and the lessee are fixed by their separate agreement written or oral, it is well established that the landlord is not bound by any agreements made by the tenant with sublessees because the landlord is not privy of any contract with them. When a landlord notifies a tenant under the provisions of the written lease, to vacate, it is the duty of the tenant to deliver complete and absolute possession of the premises to the landlord. In Fidelity Trust Co. v. Lee, 38 Pa. Superior Ct. 330, 332, it was stated that upon the termination of the lease the landlord is entitled to the full and complete possession of the demised premises from the tenant. If a subtenant be in possession, the tenant must get him out or the possession of the subtenant will be regarded as the possession of the tenant: Meyerowitz v. Horowitz, 220 N. Y. S. 681; Pittfield v. Ewing, 6 Phila. 455. The fact that defendants sent some of the keys of the rooms of the apartments to a real estate agent of the premises and that they collected no rents from the subtenants who remained on the premises is immaterial to this issue. Tenants had a right to enforce the vacation of the premises by their sublessees and in this they failed. It is the contention of defendants that the reason they have failed is because the Rent Commission would not aid them in the removal of the subtenants. It is the duty of the lessee to enforce every legal right that it possesses to cause the removal of the subtenants. In Genzelman et ux. v. Ostrovsky et ux., 67 D. & C. 246, 248, Winnet, J., in a well written opinion, stated:

"The obligations of a tenant to pay rent, unless there is specific exception in the lease, is absolute, and

there is no impossibility of performance which will excuse him. This has been the law in England, and is the law in this Commonwealth. Neither the destruction of premises (Pennsylvania Co., etc., Trustees, v. Bodek et al., 77 Pa. Superior Ct. 473; Sankey v. Martin, 93 Pa. Superior Ct. 389), nor impossibility of use created by law (Cochran v. Zimmerman, 253 Pa. 155; Nierenberg v. R. C. Maxwell Co., 76 Pa. Superior Ct. 295), will excuse a tenant from paying his rent."

In addition, the fact that the landlord was able to cause the removal of the subtenants is some evidence that defendants themselves could have done likewise if they had made a reasonable effort. At the time of the argument, defendants advanced the proposition that since the landlord terminated the lease he could not enter a judgment for the two months subsequent to the termination. Generally when a landlord terminates a lease by giving notice in accordance with the provisions thereof, that is the end of the term. However the lessee cannot take advantage of his own neglect. The provision for the notice is for the benefit of both the landlord and the tenant, and in a case of this nature it is for the benefit of the tenant. Since the holding over of the subtenant is the same as though the lessee held over, then it is tantamount to a waiver of the benefit of the notice and as such, the tenant becomes liable for the rent for such period during which he or his subtenants remain in possession.

It would therefore appear to us that the landlord has a right under the facts in this case to confess a judgment in the amount of the rentals due, with interest and attorney's fee.

### Order

And now, to wit, October 4, 1949, the petition of defendants to show cause why the judgment in the above-entitled case should not be opened to let them into a defense is hereby discharged.