Burkus *v.* Henshall, Appellant.

Argued October 2, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*P. Vincent Marino,* with him *John F. Roney,* for appellants.

*Sanford S. Finder,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 12, 1956:

On January 1, 1952, Frank Burkus, Jr. and Edgar D. Hagerty, both duly licensed undertakers, entered into a written agreement providing for the establishment of a partnership business as undertakers under the name of Hagerty-Burkus Funeral Home.

By the agreement, the partnership was to continue indefinitely until dissolved. It provided, however, that upon the death of Edgar D. Hagerty the partnership would not be deemed to be dissolved, but that the wife of such deceased partner (Nell Hagerty) would con-

tinue therein according to the terms thereof; that upon the death of Nell Hagerty her interest would pass to the mother of Edgar D. Hagerty, to wit, Ella J. Hagerty; and upon the death of Ella J. Hagerty her partnership interest would pass to Grace V. Watkins, sister of Edgar D. Hagerty, who would be entitled to receive a sum from the partnership sufficient to maintain herself, to be charged against her share of the profits.

The provisions that the partnership shall not be dissolved by death were rendered nugatory by the Funeral Director Law of 1951 (January 14, 1952), P. L. 1898, 63 PS §479.8, which repealed the Act of 1931, and which provides: ". . . *No person not licensed under this act* shall have any interest in the practice carried on by a licensed funeral director. Upon the death of a licensee, the board, in its discretion, *may issue a license* and renewal thereof *to his estate,* only for a period not exceeding three (3) years, or widows of deceased licensees as long as they remain unmarried . . ." (Italics supplied).

Under the Act of 1931, P. L. 485, 63 PS §478a-478r, there was no such express or implied provision against two persons forming an association as a partnership where one such was licensed and the other was not.

After the Act of 1951 (January 14, 1952) became effective, it became evident that the legislature abolished the "silent, unlicensed partner" in the undertaking business, and no unlicensed person could have any interest in the practice carried on by a licensed funeral director.

On February 9, 1956, Frank Burkus, Jr., filed a complaint against Charles D. Henshall, Administrator of the estate of Edgar D. Hagerty, and against Grace V. Watkins, praying for dissolution of the partnership and appointment of a receiver. The defendants filed

separate answers praying for the dismissal of the bill, on the ground that by the agreement the partnership was not subject to dissolution at this time. The parties stipulated that only matters of law were involved, and the case went to the argument court where the court entered judgment for the plaintiff and appointed a receiver. Charles D. Henshall, Administrator of the estate of Edgar D. Hagerty, appealed.

Grace V. Watkins, entered no appeal from the judgment, but appealed from a decree of the court below refusing to grant a preliminary injunction. This appeal is dismissed. It was an application for an injunction in the court below to restrain temporarily its decree of dissolution, which is the subject of the appeal to No. 160 March Term, 1956.

The contract of January 1, 1952, was superseded by the prohibition of the legislature. As stated in Restatement, Contracts, §458, Supervening Prohibition or Prevention by Law: "A contractual duty . . . is discharged, in the absence of circumstances showing . . . a contrary intention . . ., where performance is subsequently prevented or prohibited (a) by . . . a statute of . . . any one of the United States whose law determines the validity and effect of the contract . . ." Also in Sum. Pa. Jur., Contracts, §465, "There is appended to all contracts an implied condition that after the making of the agreement, no law or governmental regulation will be enacted rendering continued performance of the contract unlawful. Therefore, where without fault of the party his continued performance of a contract is rendered illegal by a subsequent governmental regulation, his duty of rendering performance is discharged." Cf. *Monaca Borough v. Monaca Street Railway Company*, 247 Pa. 242, 247, 93 A. 344; *Quarture v. C. P. Mayer Brick Co.*, 363 Pa. 349, 354, 69 A. 2d 422;

*Craven Estate,* 169 Pa. Superior Ct. 94, 99, 82 A. 2d 60.

It is manifest that the provisions of the contract, saving the partnership from dissolution by the admission to the partnership of an unlicensed relative of the deceased partner, are nugatory.

The appellant also raises the question that involved in this appeal is the duty of the decedent as administrator *to secure* a funeral director's license after the death of Edgar D. Hagerty, and thus protect the interests of all parties until disposition of the assets shall be made. The lower court held, and we fully concur, that this question is not involved in the instant appeal. Grace V. Watkins did not appeal from the order of court. Secondly, the provision of the Act relative to the obtaining of a license by the administrator of a deceased partner merely vests in the Board of Undertakers the discretionary power to grant such a license. The right of the administrator *to apply for* such license is not an issue in the instant case; nor is the fact that the administrator did not apply for such license. Such matters may be the subject of future controversy, but are not here involved.

In appeal to No. 160 March Term, 1956, decree affirmed; costs to be paid by appellant.

In appeal to No. 29 March Term, 1957, decree affirmed; costs to be paid by appellant.

Mr. Justice MUSMANNO dissents.